UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>MARK WOODWORTH,<br><br>         Defendant. | Case No.: 21-CR-02222-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF Nos. 60, 72]** |

  Defendant Mark Woodworth filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 72.  The United States opposes.  ECF No. 77.  For the reasons set forth below, Woodworth's motion is DENIED.

**I. Background**

  On June 6, 2022, Woodworth pled guilty to two counts of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) (Counts I and VII) and five counts of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1) (Counts II-VI).  ECF No. 44.  At the time of sentencing, the Government and defense counsel jointly recommended 96 months in custody, ECF Nos. 49, 51, while Probation recommended 240 months, ECF No. 48.  On November 14, 2022, the Court accepted counsel's joint recommendation and sentenced Woodworth to 96 months to run concurrently as to Counts I-VII, followed by four years of supervised

release. ECF No. 55 at 1-3. As a condition of his plea, Woodworth forfeited to the United States $4,215.00 in U.S. currency and savings bonds, as well as the firearm and ammunition involved in his offense. ECF No. 57. Woodworth is currently serving his term at Victorville FCI, ECF No. 60 at 6, and has a projected release date of March 18, 2028. ECF No. 72-6.

Woodworth is currently 68 years old. ECF No. 72 at 1. He has a lengthy criminal history dating back to 1978, which includes convictions for Grand Theft, Possession of Controlled Substance for Sale, Possession of Controlled Substance for Sale while Armed with a Firearm, and Burglary. ECF No. 77 at 3; ECF No. 48 at 9-16. At the time of sentencing, Woodworth had a history of hypertension, heart attacks, high cholesterol, arthritis, collapsed lungs, and kidney failure. ECF No. 48 at 19. He had also been taking numerous medications for over 30 years, used a cane for walking, and was restricted to a lower bunk. *Id.* Since being in custody, Woodworth has been diagnosed with "anxiety, chronic hepatitis, hypertension, unstable angina, and dementia." ECF No. 72 at 3; *accord* ECF No. 72-3 at 28. He takes multiple daily medications, including for heart issues and dementia, *id.*, requires "a walker to maintain balance," ECF No. 72 at 4, cannot lift more than 15 pounds, *id.* at 5; ECF No. 72-5 at 2, and is restricted to a lower bunk with no ladders, ECF No. 72 at 5; ECF No. 72-5 at 2.

Woodworth initially filed a pro se motion for compassionate release and for appointment of counsel on April 10, 2024. ECF No. 60. With the assistance of counsel, Woodworth is now requesting a reduction in sentence to time served—37 months—with four years of supervised release to follow. ECF No. 72 at 1. Woodworth argues that his medical conditions constitute extraordinary and compelling circumstances, and accordingly seeks this reduction pursuant to 18 U.S.C. § 3582(c)(1). *Id.* at 1-2. On September 23, 2024, the Government opposed Woodworth's motion. ECF No. 77. On October 1, 2024, Woodworth filed a reply. ECF No. 78.

## II. Legal Standard

Generally, a federal court "may not modify a term of imprisonment once it has

been imposed," *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)), except "in limited circumstances set out by federal statute," *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022). Woodworth seeks to modify his sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act. In relevant part, § 3582(c)(1)(A) permits a court to modify a term of imprisonment:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved potion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Previously, the Ninth Circuit held that policy statement U.S.S.G. § 1B1.13 governed only § 3582(c)(1)(A) motions brought by the Director of the Bureau of Prisons ("BOP"). *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (finding the "current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by defendant"). However, amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP. *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *see* U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of Bureau of Prisons *or the defendant*…") (emphasis added). Therefore, policy statement § 1B1.13 is binding on this Court's consideration of Woodworth's motion for compassionate release.

Under § 1B1.13, as amended, extraordinary and compelling circumstances include: (1) medical conditions of the defendant, whether terminal or chronic, that substantially

diminish the defendant's ability to provide self-care within a correctional facility; (2) age when the defendant is at least 65 years old; (3) family circumstances rendering defendant the only available caretaker for a family member; (4) defendant, while in custody, was a victim of abuse by a BOP employee; (5) other reasons not specifically enumerated that, when considered by themselves or together, are of a similar gravity as those described in (1)-(4); and (6) an unusually long sentence where the defendant has served at least 10 years of the term of imprisonment and a change in law has created a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

Lastly, § 1B1.13(a)(2) instructs that prior to granting a motion for compassionate release, a court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Accordingly, the questions before the Court are (1) whether Woodworth has established "extraordinary and compelling" reasons consistent with the policy statement to justify a reduction in sentence, and, if he has, (2) whether the § 3553(a) factors weigh against sentence reduction and (3) whether Woodworth is a danger to any person or the community at large.[1]

### III. Discussion

Woodworth primarily argues that his declining mental and physical health throughout his time in custody amounts to extraordinary and compelling reasons that warrant a sentence reduction. Further, Woodworth argues that he has already spent sufficient time in custody—a period which has been worsened by his declining health—and that he does not pose any danger to the community.

Policy statement U.S.S.G. § 1B1.13 specifically enumerates "advanced dementia"

---

[1] It is undisputed that Woodworth has met the administrative exhaustion requirement of 18 U.S.C. § 3582(a)(1)(C). *See* ECF No. 72 at 2; ECF No. 72-4 (confirmation of Woodworth's request for compassionate release to the BOP); ECF No. 77 at 6-7 (Government response) (absence).

as an example of a terminal illness which would qualify as an extraordinary and compelling reason. Woodworth has been diagnosed with dementia of unspecified severity, ECF No. 72-3 at 8, and his neurological symptoms, including his memory loss, "interfere[] with his ability to perform everyday activities," *id.* at 6. But there is no documentation indicating that his dementia has reached an advanced stage.[2] Thus, Woodworth's dementia does not constitute an extraordinary and compelling reason. *See United States v. Nabors*, 2024 WL 2273333, at *1 (E.D. Ark. May 20, 2024) (denying compassionate release where defendant's dementia was only described as "early" and "general," but not "advanced").

And it is not evident to the Court based on Woodworth's medical records, *see* ECF Nos. 72-3, 72-4, or individualized needs plan, ECF No. 72-5, that his health circumstances otherwise substantially limit his ability to care for himself. Woodworth "suffers from anxiety, chronic hepatitis, hypertension, unstable angina, and dementia," and takes multiple daily medications, including for heart issues and dementia. ECF No. 72 at 3; *accord* ECF No. 72-3 at 28. But he does not require someone else to care for him, nor is he so limited in mobility or health that he cannot perform basic life functions. While he uses "a walker to maintain balance," ECF No. 72 at 4, cannot lift heavy objects, *id.* at 5, and cannot sleep on top bunks, *id.*, ECF No. 72-5 at 2, these are not the types of severe self-care limitations that courts generally find to be extraordinary and compelling. *See, e.g., United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D. N.M. 2019) (finding extraordinary and compelling reasons where defendant was "wheelchair bound, blind, and require[d] 24/7 care," and was given 18 months to live); *United States v. Bellamy*,

---

[2] While a BOP physician, in referring Woodworth to a neurologist, noted that his dementia was "most likely stage II plus," ECF No. 72-3 at 9, no such formal diagnosis has been made. The Court is not satisfied that this singular note in Woodworth's medical records establishes that his dementia has reach any particular stage of dementia. In fact, the medical records consistently categorize it as dementia of "unspecified severity." ECF No. 72-3 at 8, 21; ECF No. 72-2 at 6, 46, 53.

2019 WL 3340699, at *4 (D. Minn. July 25, 2019) (finding extraordinary and compelling reasons where defendant had several serious chronic illnesses, deteriorating health due to aging, was capable of limited self-care, confined to his bed or wheelchair for more than 50% of his waking hours, and was not expected to recover from most of these issues).

Documentation of severe symptoms that substantially interfere with Woodworth's everyday life would assist his case, but the Court is not aware of any such symptoms. And the aggregation of Woodworth's ailments—dementia, chronic hepatitis, unstable angina, hypertension, and anxiety—do not otherwise rise to the requisite level. *Compare United States v. Caminos*, 472 F. Supp. 3d 802, 806 (D. Haw. 2020) (finding that defendant's serious and deteriorating medical conditions, which included severe dental issues, dermatitis, stimulant related disorder, mononeuropathy, presbyopia, hypertension, gastrointestinal issues, and severe cluster headaches, which caused him intolerable pain, constituted extraordinary and compelling reasons). Further, BOP has treated Woodworth, provided him with medications and a walker, and appears to have the symptoms of his conditions at bay. *See United States v. Esparza*, 2024 WL 216558, at *2 (E.D. Cal. Jan. 19 2024) ("Diagnoses for chronic conditions that are treatable by the BOP do not establish extraordinary and compelling reasons that merit compassionate release").[3]

The Court notes that Woodworth suffers from physical and mental conditions that undoubtedly make his time in custody more challenging. And the Court acknowledges

---

[3] The Declaration of Michael A. Wood in support of Woodworth's motion alleges that Woodworth is not receiving adequate medical care at Victorville FCI, whose medical facilities are allegedly understaffed. ECF No. 60-2 at 2. Woodworth's supplemental brief does not discuss this issue further. *See* ECF No. 72 (absence). Nonetheless, any claim that Woodworth is "receiving inadequate medical care . . . is not a proper ground for compassionate release." *United States v. Lavan*, 2024 WL 872983, at *2 (E.D. Cal. Feb. 29, 2024) (noting that challenges to the conditions of confinement are "properly brought in a habeas petition or a direct civil claim, not via compassionate release") (quoting *United States v. Shults*, 2022 WL 2990716, at *5 n.4 (E.D. Cal. July 28, 2022)).

Woodworth's potentially worsening condition, especially his dementia. The instant motion does not show that Woodworth's circumstances are so severe that they warrant compassionate release. But the Court would entertain another motion for compassionate release should Woodworth's condition deteriorate further as a result of his increasing age and worsening health conditions. As it stands, however, the Court finds that there are not extraordinary and compelling reasons for granting compassionate release.[4]

## IV.   CONCLUSION

For the reasons set forth above, the motion for compassionate release is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: October 17, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] Because Woodworth has not established extraordinary and compelling reasons, the Court need not consider whether the § 3553(a) factors weigh against compassionate release or whether he is a danger to others or the community at large.